IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:15-CR-3 |
| | ) | |
| v. | ) | Count 1: Conspiracy to Commit Hobbs Act Robbery (18 U.S.C. § 1951(a)) |
| LAMONT ANDRE THOMAS, | ) | |
| Defendant. | ) | Count 2: Hobbs Act Robbery (18 U.S.C. §§ 1951(a), (b), & 2) |
| | ) | Counts 3-4: Using and Carrying a Firearm During and in Relation to a Crime of Violence (18 U.S.C. §§ 924(c)(1)(A) & 2) |
| | ) | Forfeiture (18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c)) |

FILED IN OPEN COURT

JAN - 7 2015

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## INDICTMENT

### January 2015 Term - at Alexandria, Virginia

COUNT ONE

### Conspiracy to Commit Hobbs Act Robbery

THE GRAND JURY CHARGES THAT:

From in and around February 2010 through in and around April 2010, in Fairfax County and elsewhere, in the Eastern District of Virginia, the defendant, LAMONT ANDRE THOMAS, knowingly conspired and agreed with Eugene Anthony Thomas and others known and unknown to the grand jury to obstruct, delay, and affect commerce and the movement of articles and commodities in such commerce, by robbery, in that LAMONT ANDRE THOMAS conspired and agreed to take and obtain cash, from the presence of employees of various businesses, against

1

the will of these employees, by means of actual and threatened force, violence, and fear of immediate and future injury to their persons, while the employees engaged in commercial activities as clerks for businesses that are in and affect interstate commerce.

### *Ways, Manner, and Means of the Conspiracy*

1. The primary purpose of the conspiracy was to obtain money through robbery.

2. It was further part of the conspiracy that a member of the conspiracy would carry and brandish a handgun during the robberies of businesses.

3. It was part of the conspiracy that the defendant would act as a lookout during the robberies of businesses.

4. It was further part of the conspiracy that the defendant would receive a portion of the proceeds from the robberies.

### *Overt Acts Committed in Furtherance of the Conspiracy*

5. In furtherance of the conspiracy and to effect the objects of the conspiracy, the defendant, LAMONT ANDRE THOMAS, and his co-conspirator Eugene Anthony Thomas committed overt acts, in the Eastern District of Virginia and elsewhere, including but not limited to the following:

   a. On or about February 13, 2010, LAMONT ANDRE THOMAS and Eugene Anthony Thomas planned to commit a robbery;

   b. On or about February 13, 2010, LAMONT ANDRE THOMAS and Eugene Anthony Thomas planned to have Eugene Anthony Thomas carry a handgun during the robbery;

c. On or about February 13, 2010, LAMONT ANDRE THOMAS and Eugene Anthony Thomas, brandishing a firearm, robbed a Shell Gas Station located at 5533 Backlick Road in Fairfax County, Virginia;

d. On or about February 13, 2010, after robbing a Shell gas station, located at 5533 Backlick Road in Fairfax County, Virginia, Eugene Anthony Thomas fled to a car driven by LAMONT ANDRE THOMAS;

e. On or about February 13, 2010, Eugene Anthony Thomas and LAMONT ANDRE THOMAS split the proceeds from the robbery of the Shell gas station.

f. On or about March 19, 2010, LAMONT ANDRE THOMAS and Eugene Anthony Thomas decided to rob a 7-Eleven store located at 6221 Rolling Road, in Fairfax County, Virginia;

g. On or about March 19, 2010, LAMONT ANDRE THOMAS entered the 7-Eleven store at 6221 Rolling Road, Fairfax, Virginia to "case" the store in advance of their planned robbery;

h. On or about March 19, 2010, almost immediately upon LAMONT ANDRE THOMAS exiting the 7-Eleven store at 6221 Rolling Road, Fairfax County, Virginia, Eugene Anthony Thomas entered the store, brandished a firearm, and demanded that the store employee surrender the cash located in the cash register;

i. On or about March 19, 2010, Eugene Anthony Thomas robbed the store employee of money from the cash register and exited the store

at 6221 Rolling Road, in Fairfax County, Virginia and rejoined defendant LAMONT ANDRE THOMAS, who was standing guard outside the store;

j. On or about March 19, 2010, Eugene Anthony Thomas gave LAMONT ANDRE THOMAS some of the money obtained from the robbery of the 7-Eleven store;

k. On or about March 28, 2010, LAMONT ANDRE THOMAS and Eugene Anthony Thomas decided to rob a Shell gas station located at 8315 Old Keene Mill Road in Fairfax County, Virginia;

l. On or about March 28, 2010, defendant LAMONT ANDRE THOMAS drove Eugene Anthony Thomas to the Shell gas station located at 8315 Old Keene Mill Road in Fairfax County, Virginia for the purpose of robbing the gas station;

m. On or about March 28, 2010, LAMONT ANDRE THOMAS waited in the getaway vehicle while Eugene Anthony Thomas, armed with and brandishing a firearm, robbed the Shell gas station located at 8315 Old Keene Mill Road, in Fairfax County, Virginia;

n. On or about March 28, 2010, Eugene Anthony Thomas gave defendant LAMONT ANDRE THOMAS a share of the cash stolen from the Shell gas station located on 8315 Old Keene Mill Road, in Fairfax County, Virginia.

(All in violation of Title 18, United States Code, Section 1951(a)).

## COUNT TWO

### Hobbs Act Robbery

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 19, 2010, in Fairfax County, in the Eastern District of Virginia and elsewhere, the defendant, LAMONT ANDRE THOMAS, did knowingly obstruct, delay, and affect interstate commerce, by robbery, in that the defendant, LAMONT ANDRE THOMAS did aid and abet Eugene Anthony Thomas in taking and obtaining cash from an employee of a 7-Eleven store located at 6221 Rolling Road, West Springfield, Virginia, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, by brandishing a firearm in the course of demanding cash, while the employee was engaged in commercial activities for the 7-Eleven store, which is a business that affects interstate commerce.

(In violation of Title 18, United States Code, Sections 1951(a)&2).

## COUNT THREE

### Using and Carrying a Firearm During and in Relation to a Crime of Violence

THE GRAND JURY FURTHER CHARGES THAT:

From in and around February 2010 through in and around April 2010, in Fairfax County, in the Eastern District of Virginia and elsewhere, the defendant, LAMONT ANDRE THOMAS, did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the Conspiracy to Commit Hobbs Act Robbery alleged in Count One of this Indictment.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) & 2).

## COUNT FOUR

### Using and Carrying a Firearm During and in Relation to a Crime of Violence

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 19, 2010, in Fairfax County, in the Eastern District of Virginia and elsewhere, the defendant, LAMONT ANDRE THOMAS, did knowingly aid and abet the use, carrying, and brandishing of a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, Hobbs Act Robbery alleged in Count Two of this Indictment.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) & 2).

## FORFEITURE NOTICE

1. Pursuant to Rule 32.2(a), the defendant is hereby notified that, if convicted of the Conspiracy to Commit Hobbs Act Robbery offense alleged in Count One or the Hobbs Act Robbery offense alleged in County Two, he shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all proceeds of the offense.

2. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by 28 U.S.C. § 2461(c), the defendant shall forfeit substitute property, up to the value of the amount described in subparagraph 1(b), if, by any act or omission of the defendant, the property described in subparagraph 1(b), or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure).

A TRUE BILL

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

_____
Foreperson

Dana J. Boente
United States Attorney

_____
Johathan L. Fahey
Michael J. Frank
Assistant United States Attorneys