

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  1:15-CR-3 |
| | ) | |
| LAMONT ANDRE THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The United States of America and the defendant, Lamont Andre Thomas, agree that had this matter proceeded to trial, the United States would have proven beyond a reasonable doubt the following facts:

1.      From on or about February 13, 2010 to on or about March 28, 2010, in Fairfax County, in the Eastern District of Virginia and elsewhere, the defendant, LAMONT ANDRE THOMAS, combined, conspired, confederated, and agreed with Eugene Anthony Thomas, to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by robbery, in violation of Title 18, United States Code, Section 1951(a).

2.      On or about March 19, 2010, in Fairfax County, in the Eastern District of Virginia and elsewhere, the defendant, LAMONT ANDRE THOMAS, knowingly aided, abetted, and induced Eugene Anthony Thomas to use, carry, and brandish a firearm during and in relation to a crime of violence for which a person may be prosecuted in a court of the United Sates, namely: obstruction of commerce by means of robbery, in violation of Title 18, United States Code, Section 1951(a).

1

3.      Defendant Lamont Andre Thomas (hereinafter "LAMONT THOMAS") is the brother of Eugene Thomas.

4.      On February 2, 2010, Eugene Thomas began committing armed robberies of various gas stations, convenience stores, and Subway restaurants located in Alexandria and Fairfax County, Virginia.   After LAMONT THOMAS learned that Eugene Thomas was committing these robberies, he entered into an agreement with him to help him.

### Armed Robbery of a Shell Gas Station

5.      On or about February 13, 2010,  LAMONT THOMAS and Eugene Thomas decided to commit a robbery to obtain some spending money.  They selected a Shell gas station located on Backlick Road in Fairfax County, Virginia.  LAMONT THOMAS also knew that Eugene Thomas would be armed during the robbery, because that was part of their robbery plan.

6.      They drove to a Shell gas station located at 5533 Backlick Road.  Eugene Thomas demanded the money from the cash register, while LAMONT THOMAS remained in the car as a lookout.   When the clerk refused to surrender the money, Eugene Thomas brandished and displayed his loaded .38 caliber Smith & Wesson handgun in an effort to intimidate the clerk. While brandishing the weapon, Eugene Thomas stated something to the effect of: "If you don't, I'll shoot you."   At that point, the clerk handed Eugene Thomas approximately $250 from the cash register.  After the robbery, LAMONT THOMAS and Eugene Thomas split the proceeds of the robbery.

### Armed Robbery of a 7-Eleven Store

7.      On March 19, 2010, LAMONT THOMAS and Eugene Thomas agreed to rob a 7-Eleven store located at 6221 Rolling Road in West Springfield, Virginia.  LAMONT THOMAS knew that Eugene Thomas was armed with a loaded .38 caliber handgun because he had seen

Eugene Thomas place the pistol in his pocket as being armed was part of their robbery plan. LAMONT THOMAS knew that Eugene Thomas's handgun was a fully operational firearm.

8.     Consistent with their plan, LAMONT THOMAS entered the store to "case" it while Eugene Thomas remained outside. Accordingly, LAMONT THOMAS entered the store, went to the back of the store, took a beverage from a cooler, walked to the counter at the front of the store and attempted to purchase it. While in the store, LAMONT THOMAS determined how many employees were present, whether there were any customers or police in the store, and where the security cameras were located. LAMONT THOMAS's actions in the store were recorded on a video surveillance system. LAMONT THOMAS did not purchase any items from the store. Rather, after "casing" the store, LAMONT THOMAS exited the store and advised Eugene Thomas regarding the number of employees and customers present.

9.     Eugene Thomas then entered the store and demanded that the store clerk give him the money from the cash register. To ensure compliance with his demands and to intimidate the clerk, Eugene Thomas brandished and displayed his .38 caliber handgun. The clerk opened the cash drawer and Eugene Thomas removed approximately $300.   The two then fled the scene and split the robbery proceeds.

## Armed Robbery of a Second Shell Gas Station

10.     On March 28, 2010, LAMONT THOMAS and Eugene Thomas decided to rob a Shell gas station located at 8315 Old Keene Mill Road in Fairfax County, Virginia. They drove to the Shell gas station. Eugene Thomas was again carrying the .38 caliber handgun, and LAMONT THOMAS knew this.

11.     After asking to use the telephone, Eugene Thomas brandished and displayed the .38 caliber handgun in an effort to intimidate the attendant. Eugene Thomas then demanded that

3

the clerk give him all of the money from the cash register. The clerk complied and handed Eugene Thomas approximately $300. Eugene Thomas then fled and rejoined LAMONT in the waiting vehicle. They later split the robbery proceeds.

12.     All of the robberies committed by LAMONT THOMAS and Eugene Thomas affected interstate commerce because all of the stores that were robbed received and sold supplies and merchandise manufactured, produced, and shipped in interstate commerce. The 7-Eleven store and Shell gas stations are also owned by corporations that are in and affect interstate and foreign commerce, and these businesses sell goods to customers travelling interstate on Interstate 95.

13.     The acts taken by the defendant in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law and were not committed by mistake, accident, or other innocent reason. The defendant further acknowledges that the defendant is obligated under his plea agreement to provide additional information about this case beyond that which is described in this Statement of Facts.

14.     The Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a Court. Moreover, the defendant waives any rights that the defendant may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the Statement of Facts in any such proceeding.

15.     This Statement of Facts includes those facts necessary to support the plea agreement between the defendant and the government. It does not include each and every fact

known to the defendant or the government, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

                    Respectfully submitted,

                    Dana J. Boente
                    United States Attorney

By:         _____
                    Jonathan L. Fahey
                    Michael J. Frank
                    Assistant United States Attorneys
                    United States Attorney's Office
                    Eastern District of Virginia
                    2100 Jamieson Avenue
                    Alexandria, VA 22314

<u>Defendant's Stipulation and Signature</u>

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: April 21, 2015

Lamont Andre Thomas
Defendant

<u>Defense Counsel's Signature</u>

I am the attorney for the defendant and I have carefully reviewed the above Statement of Facts with him.  To my knowledge, his decision to stipulate to these facts is informed and voluntary.

Date: April 21, 2015

Denise J. Tassi
Attorney for Defendant