IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No: 1:15-CR-3 |
| v. ) | |
| ) | The Honorable Gerald Bruce Lee |
| LAMONT ANDRE THOMAS, ) | |
| ) | Sentencing Date: August 7, 2015 |
| Defendant. ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, and Jonathan L. Fahey and Michael J. Frank, Assistant United States Attorneys, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Guidelines Manual (U.S.S.G. or Sentencing Guidelines), files this Position of the United States With Respect to Sentencing in the instant case. The defendant entered a plea of guilty to a criminal information charging him with using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). This conviction carries a mandatory minimum sentence of seven years imprisonment.

The United States has no objections to the PSR in this case. The United States requests that the Court sentence the defendant to a term of imprisonment of at least seven years because it is the mandatory minimum sentence provided by law and it reasonable and appropriately accounts for the factors set forth in 18 U.S.C. § 3553(a).

**ARGUMENT**

I.   **A Sentence of at least 84 Months is Appropriate Given the Nature and Circumstances of the Offenses, and the Characteristics of the Defendant.**

The defendant's brother was committing armed robberies in northern Virginia in 2010. When the defendant saw the money earned from these robberies, he asked his brother if he could join him in the robberies. The defendant and his brother then committed three armed robberies of convenience stores. The defendant's role in the robberies was that of a lookout and driver. The defendant's brother, Eugene Thomas, was apprehended after committing a dozen armed robberies. Eugene Thomas pleaded guilty and provided information about the defendant's involvement as part of the cooperation requirement in his plea agreement.

After the defendant was charged in this case, he obstructed justice by orchestrating a scheme to persuade his brother to recant his testimony and refuse to cooperate. The defendant wrote several letters to his brother, pressuring him to recant his testimony. The defendant even provided his brother with a sample letter to send to the government recanting and informing the government that he would not cooperate in the prosecution of the defendant. After being pressured by the defendant, Eugene Thomas wrote a letter recanting statements that inculpated the defendant and informed the government that he would not testify against the defendant. Eugene Thomas ultimately changed his mind and thwarted the defendant's obstructive scheme.[1]

---

[1] Also, on July 30, 2015, the defendant filed a "Motion to Dismiss Indictment," (Doc. 3 53), in which he argues that the federal government violated the Speedy Trial Act by not expeditiously prosecuting him for the crime charged in the Criminal Complaint: Hobbs Act Robbery. The government's response to this motion is not due until August 11, 2015. Regardless, this motion is moot insofar as the charge for which the Complaint was issued has been dismissed, and the defendant has already received the requested relief. Furthermore, because he pleaded guilty pursuant to a plea agreement, he has waived any alleged violations of the Speedy

A sentence of at least 84 months appropriately accounts for the factors set forth in 18 U.S.C. § 3553(a). Weighing in favor of a substantial sentence is the serious nature of the current offense, his obstructive conduct since being charged, and his significant criminal record. The defendant has eight prior adult criminal convictions, including convictions for burglary, attempted grand larceny from a person, assault and battery and stalking. These convictions earned the defendant's place in criminal history category V. Even after serving the sentences for these crimes, the defendant has failed to significantly change his criminal behavior, as his current case demonstrates. His attempts to obstruct justice and his "Motion to Dismiss Indictment" further show that the defendant is not sorry about his crimes and will do whatever it takes to avoid taking responsibility for his criminal conduct. This court should take his considerable criminal record along with the seriousness of this offense and impose a substantial sentence.

## II.   A Sentence Within the Guidelines Range Will Protect the Public, Provide Appropriate and Reasonable Deterrence, and Promote Respect for the Law.

The requested sentence is also necessary to protect the public, provide the requisite level of deterrence, and promote respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). "An important function of the corrections system is the deterrence of crime. The premise is that by confining criminal offenders in a facility where they are isolated from the rest of society, a condition that

---

Trial Act. *United States v. Moreno-Serafin*, 251 F. App'x 185, 187 (4th Cir. 2007) (By "knowingly and voluntarily pleading guilty, Moreno–Serafin waived his right to claim a Speedy Trial Act violation."); *United States v. Gines*, 964 F.2d 972, 977 (10th Cir. 1992) (plea of guilty waives all non-jurisdictional defects, and a violation of the Speedy Trial Act is a non-jurisdictional defect); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) ("By pleading guilty, Bohn waived his right to assert a violation of the Speedy Trial Act. . . . The right to a speedy trial under the Speedy Trial Act is nonjurisdictional.").

most people presumably find undesirable, they and others will be deterred from committing additional criminal offenses." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).

A sentence of at least 84 months will protect the public from future crimes by this defendant. It will remove him from society for a significant period of time, thereby preventing him from causing harm to others through violence and robberies, which pose substantial danger to society. During their robbery spree, the defendant and brother repeatedly and callously placed the lives of their victims and the public in danger. In their effort to obtain cash quickly, they showed a complete disregard for the lives of victims. The employees of targeted stores endured the traumatic experience of being robbed in their respective workplaces. A lengthy sentence will protect the public from the crimes of this defendant, and it will specifically deter the defendant from committing these types of crimes in the future.

General deterrence is an important consideration in this case as well. Stores such as those robbed by the defendant are easy targets for criminals, as the defendant and his brother repeatedly demonstrated. They must be protected from criminals like the defendant. Only a stiff sentence will deter those who see these businesses as targets of opportunity. The defendant's crimes also demonstrate easy money can be obtained through robbery. A lengthy sentence should deter others who would engage in similar conduct by sending a message that the punishment for robberies of this nature will be a significant period of incarceration.

A significant sentence will also promote respect for the law by demonstrating that the criminal justice system takes these types of offenses seriously and will appropriately punish those who engage in them. It will also show that the criminal justice system strives to protect the

victims of violent crime and works to ensure that everyone can labor in a workplace free of violence from criminals.

## **CONCLUSION**

For the above-stated reasons, the United States asks this Court to impose a significant sentence of at least 84 months of incarceration.

                                        Respectfully submitted,

                                        Dana J. Boente
                                        United States Attorney

                              By:       /s/
                                        Jonathan L. Fahey
                                        Michael J. Frank
                                        Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2015, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to the following:

Denise Tassi, Esq.

By:        /s/       
      Jonathan L. Fahey
      Assistant United States Attorney