UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-4578

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

LAMONT ANDRE THOMAS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:15-cr-00003-GBL-1)

Submitted: August 25, 2020                              Decided: October 5, 2020

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

John McIver Ervin, III, ERVIN LAW OFFICE, Darlington, South Carolina, for Appellant. Daniel Taylor Young, Assistant United States Attorney, Alexander Patrick Berrang, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamont Andre Thomas seeks to appeal his conviction and sentence after pleading guilty to brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii). His predicate crime of violence was aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 2, 1951(a). On appeal, his attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising the issue of whether the district court erred in denying his post-plea motion to dismiss the indictment but concluding there are no meritorious grounds for appeal. The Government has moved to dismiss the appeal as barred by the appeal waiver. Thomas has filed pro se supplemental briefs principally contending his predicate offense does not categorically qualify as a crime of violence in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). We previously placed this appeal in abeyance for *United States v. Ali*, No. 15-4433, which was expected to decide whether Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c). In light of *United States v. Mathis*, 932 F.3d 242, 263 (4th Cir. 2019) (Hobbs Act robbery constitutes a crime of violence under the force clause), we now dismiss in part and affirm in part.

"Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks and citation omitted). "Where, as here, the Government seeks enforcement of an appeal waiver and there is no claim that the Government breached its obligations under the plea agreement, the waiver will be enforced to preclude a defendant from appealing a specific issue if the record establishes that the

waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014) (citations omitted).

"Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017) (internal quotation marks and citation omitted). "'[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it.'" *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (quoting *United States v. Ruiz*, 536 U.S. 622, 629 (2002)). A waiver is not rendered invalid by failure to explicitly discuss the appeal issue at the Rule 11 hearing. *Id*. at 538.

"A defendant who waives his right to appeal a plea 'retains the right to obtain appellate review of his sentence on certain limited grounds.'" *United States v. McCoy*, 895 F.3d 358, 363 (4th Cir. 2018) (citation omitted). "An appeal waiver does not preclude a defendant from challenging a sentence 'based on a constitutionally impermissible factor' or 'a sentence imposed in excess of the maximum penalty provided by statute.'" *United States v. Cornette*, 932 F.3d 204, 209 (4th Cir. 2019) (citation omitted). Moreover, "even valid appeal waivers do not bar claims that a factual basis is insufficient to support a guilty plea." *McCoy*, 895 F.3d at 364; *see also United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016) (cognizable claim of actual innocence falls outside scope of waiver).

3

Upon review of the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Thomas has knowingly and voluntarily waived his right to appeal his conviction and sentence, and the issue raised in the *Anders* brief falls within the scope of the waiver. However, we conclude that we may review his pro se claim that his predicate offense is not a crime of violence under 18 U.S.C. § 924(c). *See Cornette*, 932 F.3d at 210. Accordingly, we grant in part and deny in part the Government's motion to dismiss.

We review the legal question whether an offense qualifies as a crime of violence de novo. *Mathis*, 932 F.3d at 263. However, Thomas never argued in the district court that his predicate offense of aiding and abetting Hobbs Act robbery did not qualify as a crime of violence. "'To preserve an argument on appeal, the defendant must object on the same basis below as he contends is error on appeal.'" *United States v. Westbrooks*, 780 F.3d 593, 595 (4th Cir. 2015) (citation omitted). Since Thomas did not preserve his claim, we review it for plain error. *See United States v. Coston*, 964 F.3d 289, 294 (4th Cir. 2020) (citations omitted). He must therefore establish (1) an error, (2) that was plain, and (3) that affected his substantial rights. *Id*. (citation omitted). "If he satisfies those factors, we may exercise our discretion to correct the error if it 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (citation omitted).

"An error is plain if it is 'clear' or 'obvious' by the time of appeal, either because of 'settled law of the Supreme Court or this circuit' or, '[i]n the absence of such authority, decisions by other circuit courts of appeals.'" *Id*. (citations omitted). We conclude that Thomas has not shown any plain error. *See Mathis*, 932 F.3d at 266 (holding "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)"); *United*

*States v. Richardson*, 948 F.3d 733, 742 (6th Cir. 2020) (holding "conviction for aiding and abetting Hobbs Act robbery satisfies the elements clause"); *see also United States v. Kimble*, 855 F.3d 604, 613 (4th Cir. 2017) (noting "in the federal system, culpability for an offense as an aider and abettor is treated no differently from treatment as a principal").

In accordance with *Anders*, we have reviewed Thomas' briefs and the record for any meritorious issues that fall outside the waiver and have found none. Accordingly, we grant the Government's motion to dismiss the appeal in part, affirm the district court's judgment, grant the pro se motion to amend, and deny the pro se motion for release pending appeal as moot.[*] This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

[*] Our denial of Thomas' motion for release is without prejudice to any motion he may file in the district court based on COVID-19. *See* 18 U.S.C. § 3582(c)(1)(A)(i).