IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:15-CR-3 |
| | ) | |
| LAMONT ANDRE THOMAS, | ) | The Honorable Rossie D. Alston, Jr. |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR TEMPORARY INJUNCTION

The United States, through the undersigned counsel, hereby submits its response and opposition to the Defendant's Motion for Temporary Injunction ("the Defendant's Motion"). The defendant argues that this Court should grant an injunction staying his sentence while he petitions the Supreme Court for review of his claims. In support of his motion, the defendant asserts that the district court lacked subject-matter jurisdiction over the case, that the United States failed to demonstrate that his crimes occurred within the special maritime or territorial jurisdiction of the United States, and that the underlying statute is unconstitutional. The defendant's arguments lack any legal basis and his petition to the Supreme Court is frivolous. Furthermore, *even if* the defendant's claims were meritorious, the defendant's requested relief from this Court is procedurally improper given the Fourth Circuit's decision affirming his conviction and sentence. For the reasons set forth below, the United States respectfully requests that the Court deny the Defendant's Motion.

## I.   Background

In January 2015, a grand jury sitting in Alexandria, Virginia indicted the defendant on four counts.  *See* ECF No. 17.  The indictment charged the defendant with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); aiding and abetting a substantive Hobbs Act robbery occurring on March 19, 2010, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 2); and two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts 3–4).  *Id.*  On April 21, 2015, the defendant pleaded guilty to Count 4 of the indictment, and the United States moved to dismiss Counts 1-3 of the indictment.  *See* ECF Nos. 44 and 46.  In the Statement of Facts accompanying his guilty plea, *see* ECF No. 45, the defendant admitted to participating in three robberies, including:

- Serving as the lookout during a robbery of a Shell gas station committed by the defendant's co-conspirator, Eugene Thomas, on February 13, 2010 (*id.* ¶¶ 5–6);

- Casing a 7-11 in order to assist Eugene Thomas in robbing it at gunpoint on March 19, 2010 (*id.* ¶¶ 7–9); and

- Driving with Eugene Thomas to rob another Shell gas station on March 28, 2010 (*id.* ¶¶ 10–11).

On September 15, 2015, the Honorable Judge Gerald Bruce Lee sentenced the defendant to eighty-four (84) months' imprisonment followed by three (3) years of supervised release.  ECF No. 66.  Additionally, the Court ordered the defendant to pay a $100 special assessment fee and ordered the defendant and his co-conspirator jointly and severally liable for restitution in the amount of $954.00.  *Id.*   The defendant subsequently appealed his conviction and sentence to the Fourth Circuit, and his attorney filed an *Anders* brief "raising the issue of whether the district court erred in denying his post-plea motion to dismiss the indictment but concluding there are no meritorious grounds for appeal."  *See* ECF No. 94 (*United States v. Lamont Andre Thomas*, No. 15-4578).

2

Additionally, in his *pro se* supplemental briefs, the defendant argued that his predicate offense—the Hobbs Act robbery—does not qualify as a crime of violence under *United States v. Davis*, 139 S. Ct. 2319 (2019).  *See id.*  The Fourth Circuit affirmed the defendant's conviction following its decision in *United States v. Mathis*, 932 F.3d 242, 263 (4th Cir. 2019) (holding that a Hobbs Act robbery qualifies as a crime of violence).   On October 18, 2020, the defendant signed his *pro se* motion requesting a temporary injunction, which shows as filed through the CM/ECF system on October 22, 2020.  *See* ECF No. 96.  Undersigned counsel has communicated with the BOP, who confirmed that the defendant has been released to a halfway house and will continue to serve his sentence there until April 24, 2021.

## II.    Analysis

In his Motion, the defendant argues that his term of supervised release, restitution payments, and placement in a halfway house should be stayed while he petitions the Supreme Court in this matter.  *See* ECF No. 96.  In support, he argues that: (1) the issue is timely, (2) the District Court lacked subject-matter jurisdiction over the case, (3) the United States did not establish that the location of the offense was within the special maritime or territorial jurisdiction of the United States, (4) the statute is unconstitutional, and (5) that he has made a prima facie showing that the Supreme Court will grant certiorari and vacate both his conviction and his sentence.  *Id.*

### (a)  The defendant's jurisdictional and constitutional arguments are without merit.

As an initial matter, the defendant is correct that subject-matter jurisdiction may be challenged at any time.  However, the district court's subject-matter jurisdiction in this case is indisputable.  As the Fourth Circuit has clearly stated, "[s]ubject-matter jurisdiction (in the sense of judicial power) over federal criminal prosecutions is conferred on district courts by 18 U.S.C.

§ 3231." *United States v. Hartwell*, 448 F.3d 707, 716 (4th Cir. 2006).  Accordingly, "if an indictment or information alleges the violation of a crime set out in Title 18 or in one of the other statutes defining federal crimes, that is the end of the jurisdictional inquiry."  *United States v. George*, 676 F.3d 249, 259 (1st Cir. 2012) (internal quotation marks omitted).

The defendant is similarly mistaken in his assertion that "[a]ny prosecution under Title 18 U.S.C. is limited to the United States' "Special Maritime or Territorial Jurisdiction."" ECF No. 96.  The defendant's argument that the United States did not establish that the crime occurred within a federal enclave is irrelevant in this case, as the defendant was charged and convicted under 18 U.S.C. 924 (c)(1)(A)(ii) and 2.  Furthermore, the defendant's challenge to the constitutionality of the Hobbs Act is without merit.  The statute criminalizes conduct that "in any way obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section…" 18 U.S.C. § 1951(a).  As recognized by the Fourth Circuit in *United States v. Taylor*, 754 F.3d 217 (4th Cir. 2014), *aff'd*, 136 S. Ct. 2074 (2016), "[t]he Supreme Court has repeatedly found that Congress may regulate conduct under the Commerce Clause that, in the aggregate, impacts interstate commerce." *Id* at 222 (citing *Gonzales v. Raich*, 545 U.S. 1 (2005); *Wickard v. Filburn*, 317 U.S. 111 (1942)).  In *Taylor*, the Fourth Circuit highlights the "extraordinary breadth and reach of the Hobbs Act," *id* at 221, and notes that the Supreme Court "has recognized that the Hobbs Act "speaks in broad language, manifesting a purpose to use all the constitutional power Congress has to punish interference with interstate commerce…" *Id* at 222 (quoting *Stirone v. United States*, 361 U.S. 212 (1960).

*(b) Even if the defendant's claims were meritorious, his requested relief is improper.*

For the reasons discussed above, the defendant's petition to the Supreme Court is frivolous and his request for a temporary injunction is without merit.  However, *even if* the defendant's claims were meritorious, the defendant's requested relief is procedurally improper and contravenes doctrines governing the finality of federal proceedings.  The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)). In practice, the doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993).  Further, the mandate rule "is a more powerful version of the law of the case doctrine and is based on 'the principle that an inferior tribunal is bound to honor the mandate of a superior court within a single judicial system.'" *Invention Submission Corp. v. Dudas*, 413 F.3d 411, 414 (4th Cir. 2005) (quoting 18B Charles Alan Wright, Arthur B. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4478.3 (2d ed. 2002)).  The rule "prohibits lower courts, with limited exceptions, from considering questions that the mandate of a higher court has laid to rest," and serves the dual interests of "hierarchy and finality." *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007); *accord United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012).  As the Fourth Circuit has put it, "[f]ew legal precepts are as firmly established as the doctrine that the mandate of a higher court is 'controlling as to matters within its compass.'"  *Bell*, 5 F.3d at 66 (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)).  In its opinion affirming the defendant's conviction, the Fourth Circuit stated that, "[i]n accordance with *Anders*, we have reviewed Thomas' briefs and the record for any meritorious

issues that fall outside the waiver and have found none." *See* ECF No. 94.  Accordingly, requesting an injunction from this Court is procedurally improper.  To the extent that the defendant is seeking to stay judgment because he believes he has a valid claim at the Supreme Court, the appropriate remedy would be to move to stay the mandate at the Fourth Circuit and, if the Fourth Circuit were to deny such a motion, to seek a stay at the Supreme Court.  However, as the Fourth Circuit has affirmed the defendant's conviction, the law of the case and the mandate rule suggest that the district court must treat the judgment as valid.

## III.    Conclusion

For the foregoing reasons, the United States respectfully requests the Court deny the defendant's Motion for Temporary Injunction.

Dated: November 5, 2020                    Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:    _____/s/_____

Whitney Kramer
Special Assistant United States Attorney
Tony R. Roberts
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office:   (703) 299-3700
Fax:       (703) 299-3980
E-mail:   Whitney.Kramer2@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 5, 2020, I will electronically file the foregoing with the

Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic

Filing (NEF) to all counsel of record. I also certify that by the next business day, the U.S.

Attorney's Office will mail a copy of this filing to the address provided by the defendant.


By:       /s/
        Whitney Kramer
        Special Assistant United States Attorney
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Office:  (703) 299-3700
        Fax:    (703) 299-3980
        E-mail:  Whitney.Kramer2@usdoj.gov