IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:15-cr-00003 (RDA) |
| | ) | |
| LAMONT ANDRE THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on Defendant Lamont Andre Thomas's ("Defendant") *pro se* Motion for Temporary Injunction ("Motion"). Dkt. 96. Considering the Motion, the Government's Response and Opposition to Defendant's Motion ("Opposition") (Dkt. 99), and for the following reasons, the Motion is DENIED.

I. BACKGROUND

On April 21, 2015, Defendant pleaded guilty to one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(a)(1)(A)(ii) and 2. Dkt. Nos. 43; 44, 1. In doing so, Defendant admitted to participating in multiple robberies. Dkt. 45, ¶¶ 5-11. On September 9, 2015, the Court sentenced Defendant to 84 months of imprisonment and three years of supervised release. Dkt. 64.

On September 17, 2015, Defendant noticed his appeal. Dkt. 70. On appeal, the United States Circuit Court for the Fourth Circuit appointed counsel for Defendant. Dkt. 82. Defendant's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which "rais[ed] the issue of whether th[is] [ ] [C]ourt erred in denying [ ] [Defendant's] post-plea motion to dismiss the indictment but concluding that there are no meritorious grounds for appeal." Dkt. 94, 2. However, Defendant filed "*pro se* supplemental briefs" with the Fourth

Circuit wherein he "principally contend[ed] his predicate offense d[id] not categorically qualify as a crime of violence in light of *United States v. Davis*, 139 S. Ct. 2319 (2019)." Dkt. 94, 2. On October 5, 2020, the Fourth Circuit upheld Defendant's conviction "[i]n light of *United States v. Mathis*, 932 F.3d 242, 263 (4th Cir. 2019) ([noting that] Hobbs Act robbery constitutes a crime of violence under the force clause)[,]" and dismissed the appeal. Dkt. 94, 2.

On October 22, 2020, Defendant filed the instant Motion with this Court, which the Government opposed. Dkt. Nos. 96; 99.

The Court dispenses with oral argument because it would not aid in the decisional process. Local Crim. R. 47(J). This matter is now fully briefed and ripe for disposition.

## II.  ANALYSIS

Moving *pro se*, Defendant has requested that this Court grant him "a temporary injunction to halt the execution of [his] supervised release, collection of restitution, and other post-conviction orders until the Supreme Court [of the United States]" decides whether to issue him a Writ of *Certiorari*. Dkt. 96, 1. As Defendant concedes, the United States Court of Appeals for the Fourth Circuit has already upheld his conviction. *Id*. at 1; Dkt. 99, 5; *see generally*, Dkt. 94, 5. As such, it appears that Defendant is seeking *certiorari* in the United States Supreme Court on the following three issues: (1) that this Court lacked subject-matter jurisdiction over this case; (2) the Government did not establish that the physical location of the offense was within the special maritime or territorial jurisdiction of the United States; and (3) the statute of conviction is unconstitutional. *See generally*, Dkt. 96.

This Court is constrained to deny the Motion because the Motion is improperly before this Court.

It is axiomatic that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)).  As such, "relitigation of issues expressly or impliedly decided by the appellate court" is generally prohibited.  *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993).  "[O]nce the 'decision of an appellate court establishes 'the law of the case,' it 'must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal. . . unless'" at least one of the following is true: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Aramony*, 166 F.3d at 661 (quoting *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988) (internal quotations and citations omitted)).

In the instant matter, the Fourth Circuit has upheld Defendant's conviction, rejected Defendant's constitutional claim, and "reviewed [Defendant's appellate] briefs and the record for any meritorious issues" pursuant to *Anders*, 386 U.S. at 744, and "found none." Dkt. 94, 5 (citing *Anders*, 386 U.S. at 744 (holding that if court-appointed counsel finds his client's appeal to be "wholly frivolous," the appellate court must conduct a "full examination of all the proceedings" to determine whether that is the case, and if so convinced, may grant counsel's request to withdraw and dismiss the appeal where federal law is implicated).  Thus, the Fourth Circuit has established the "law of th[is] case," and in turn, this Court must follow that law it unless one of the aforementioned exceptions are present.  Reviewing the case, no noted exception is present.  And because the interests of "hierarchy and finality" dictate that district courts are prohibited "from considering questions that the mandate of a higher court has laid to

rest," this Court cannot grant Defendant's request for a temporary injunction where the Fourth Circuit has "expressly and impliedly," *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993), rejected Defendant's claims, upheld his conviction, and dismissed the appeal.

Thus, this Court DENIES Defendant's request for a temporary injunction.

It is SO ORDERED.

Alexandria, Virginia
December 16, 2020

_____/s/_____
Rossie D. Alston, Jr.
United States District Judge